by BRONSON, J., in *People* v. *Judges of Dutchess* (23 Wend., 361). 'It does not follow that the whole field is an orchard because there are fruit trees in some part of it.'

The conclusion that this was a garden should be irresistible to induce the court to reverse the decisions of the commissioners and referees who have had the advantage of personal inspection of the premises taken, and have seen and heard the witnesses who have testified upon the subject. The evidence falls far short of any such urgent force, and as I have said impresses me in quite the contrary direction.

The order or judgment appealed from should therefore be affirmed, with costs against the relator. (*People* v. *Fuller*, 40 How., 37.)"

*H. Bostwick*, for the appellant.    *D. T. Easton*, for the respondents.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order and judgment affirmed, with costs against the relator.

---

OLIVER FLEMING AND HENRY C. GREGORY, RESPOND-ENTS, v. THE PRESIDENT, ETC., OF THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANTS.

*Evidence — Damages — amount of, to be determined by the court — witness should not be asked to state it.*

APPEAL from a judgment in favor of the plaintiff, entered on the direction of a referee.

The complaint charges that, on or about the 24th day of April, 1873, the plaintiffs delivered to the company, at Unadilla, N. Y., a car load of cattle, on an agreement with the company to carry them over the railroad run under its management, to the city of Albany, promising to have the cattle at the latter place the following morning, in time for transhipment to Newburgh; that the company omitted and neglected so to convey the cattle, by reason whereof they were injured, and the plaintiffs were put to

increased expense. The answer was a general denial, and, further, that the cattle were conveyed under a special agreement, exempting the company from the injuries and damage complained of. On the trial evidence was given, on the part of the plaintiffs, tending to prove the alleged contract, also the delay, and consequent damages. Answering evidence was given on the part of the company.

Upon the trial, the following questions were put on the part of the plaintiffs, to wit: " As it was, what expenses were you necessarily put to in feeding and taking care of the cattle at Albany, until the next Newburgh boat went out? How much less were these cattle worth on their arrival at Albany, by reason of this unusual shrinkage?" The questions were both allowed against the defendants' objection, and exceptions to the rulings were duly entered. The answer to the first was, " twenty dollars twenty-five cents, or twenty dollars seventy-five cents;" and to the second, " from three dollars to five dollars per head on the cows."

The referee found for the plaintiffs, awarding $108.25 damages, allowing, probably, the medium between three dollars and five dollars, to wit, four dollars per head on the twenty-two cattle, for the " unusual shrinkage," and twenty dollars twenty-five cents for the expenses "necessarily put to in feeding and taking care of the cattle at Albany," until the Newburgh boat went out.

The court at General Term say: " In regard to one question, the witness had been interrogated as to the time and circumstances of the delay at Albany, and as to the fact of feeding and caring for the cattle there. This was all well and proper. Then came the question : '*As it was*, what expenses were you *necessarily* put to in the feeding and taking care of the cattle at Albany, until the next Newburgh boat went out?' The answer was: 'Twenty dollars and twenty-five cents, or twenty dollars and seventy-five cents.' Thus the entire subject of that damage was left to the answer of the witness. His evidence declared the amount of damage. He was allowed to state the facts of the case, and to determine the question of *necessary* expenses, and then taking .the case ' *as it was*,' to instruct the referee as to the amount of damages he should allow ; and judging from fair inference, the referee accepted the witness' conclusion. The amount of damage, after the facts of the case were fully detailed, rested with the referee. His judgment on that question

was invoked, and it was improper to yield it to the opinion of the witness. In effect, the witness was allowed to state how much the plaintiffs ought to recover in that case for feeding and taking care of the cattle at Albany. Witnesses cannot be allowed to give their opinion upon questions which belong exclusively, like a question of damages, to a jury or referee. This rule as to the admission of evidence is too familiar to admit of the citation of authorities. The other question, admitted against objection, was also of doubtful propriety, to say the least of it. It was as follows: 'How much less were these cattle worth, on their arrival at Albany, by reason of *this unusual* shrinkage?' The answer was: 'From three dollars to five dollars per head for the cows.' Was not this simply giving the damages; simply aggregating the amount? It was for the referee to find from the evidence whether or not there was an unusual shrinkage, the cause of it, and the amount of damage in case he should find the party liable for the damage. Now, was not the witness permitted to cover all these subjects by his answer?

I am inclined to the opinion that the ruling of the referee as regards this question to the witness was erroneous; but not so palpably erroneous as to be entirely free from doubt, and did the decision of the case turn on this point solely, I should hesitate somewhat before consenting to a reversal of the judgment. Still, I am under the impression that it was improperly allowed."

*Bundy & Scramling*, for the appellants. *Belknap & Edson*, for the respondent.

Opinion by Bockes, J.; Boardman, J., concurred. Learned, P. J., not voting.

Judgment reversed, new trial ordered; reference discharged, costs to abide the event.